# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MAURO ALEXANDER ARIZA ARIZA, <br><br> Defendant. | Case No.: 18-CR-02928-LAB <br><br> **ORDER DENYING MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582** <br> **[Dkt. 92]** |

In March 2021, Mauro Alexander Ariza Ariza ("Ariza") pled guilty to participation in an international conspiracy to transport and distribute more than 300 kilograms of cocaine in Ecuador, Colombia, and the United States, in violation of 21 U.S.C. §§ 959, 960, and 963. (Dkt. 63). The Court imposed a custodial sentence of 63 months, with credit for time spent in custody commencing March 12, 2019, to be followed by 5 years of supervised release. (Dkt. 91). Ariza has served approximately 50 months of his sentence and is scheduled to be released from Bureau of Prisons ("BOP") custody on September 1, 2023. (Dkt. 92).

In November 2022, Ariza filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), which permits a court to modify a defendant's term of imprisonment if it concludes that "extraordinary and compelling reasons" warrant

such a reduction after considering the factors set forth in 18 U.S.C. § 3553(a). Ariza raises several arguments in support of his § 3582 motion: (1) his personal health status; (2) the need to care for family members; (3) alleged Eighth Amendment violations during his COVID-related quarantine at FDC Honolulu; and (4) his inability to take advantage of First Step Act time credits due to his lack of English-speaking ability. (Dkt. 92).

Ariza states that he was infected with COVID-19 three times while in custody, and now suffers from Long COVID symptoms, including vision and hearing impairment, lightheadedness, and lethargy. Ariza's medical records note only one COVID-19 infection in early 2022 and don't state that Ariza suffers from any lasting symptoms. (Dkt. 101 at 4, 98). The records provide no indication that Ariza's condition substantially diminishes his ability to care for himself, or that he is receiving inadequate treatment at FDC Honolulu. *See* U.S.S.G. § 1B1.13, App. Note 1(A)(ii)(I). Rather, he received frequent medical examinations during and after his bout with COVID in 2022. Relying upon the records provided by Ariza, the Court finds that his current medical condition doesn't present an extraordinary and compelling reason for early release.

Ariza further contends that the ill health of his cohabitating partner and mother-in-law require his personal and financial assistance. (Dkt. 92). Ariza's partner suffers from Cushing's syndrome, and his mother-in-law from kidney issues. Ariza is correct that United States Sentencing Commission guideline 1B1.13 elaborating "extraordinary and compelling factors" under § 3582(c)(1)(A) is merely persuasive authority when considering motions brought directly by the defendant, and that he isn't required to demonstrate that his partner is terminally ill or medically incapacitated, or that he is her only available caregiver. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). However, "district courts routinely deny motions for compassionate release when inmates cannot show that they would be the only available caregiver." *United States v. Bragg*, No. 12-cr-

3617-CAB, 2021 WL 662269, at *2 (S.D. Cal. Feb. 19, 2021). Furthermore, Ariza can't establish an extraordinary and compelling reason for release in the absence of any evidentiary showing regarding his loved ones' medical status. *See United States v. Richardson*, No. 5:18-cr-507-FL, 2020 WL 2200853, at *2 (E.D.N.C. Apr. 6, 2020). Regardless, even with a more robust evidentiary showing, difficult financial circumstances and relatively routine health complications are neither extraordinary nor compelling. *See, e.g.*, *United States v Lodono*, No. 17-cr-1465-LAB-21, slip op. at 2–3 (S.D. Cal. Apr. 13, 2023). The Court finds that Ariza's assertion of his family members' health conditions doesn't present an extraordinary and compelling reason for a reduction in sentence.

Ariza next raises Eighth Amendment concerns stemming from his time in COVID-related quarantine. Eighth Amendment claims regarding conditions of confinement aren't properly heard under a § 3582 motion, and this Court lacks jurisdiction to consider them. *See United States v. Perez*, No. 18-cr-4145-H, 2020 WL 4732056, at *5 (S.D. Cal. Aug 14, 2020).

Finally, Ariza requests 365 days of time credit in light of his inability to take full advantage of the First Step Act's "evidence-based recidivism reduction" ("EBRR") programs in English. However, BOP provides several Spanish-language programs at FDC Honolulu, including a 500-hour English-as-a-Second Language course. BOP, *First Step Act Approved Programs Guide* 17 (Jan. 2023). BOP also recently updated its policy to allow inmates with a detainer, such as Ariza, to take full advantage of EBRR programs. *Alatorre v. Derr*, 22-cv-00516, 2023 WL 2599546, at *5 (D. Haw. Mar. 23, 2020); BOP, Change Notice 5410.01 CN-1 (Feb. 6, 2023).

Separately, the Court finds that the sentencing factors under 18 U.S.C. § 3553(a) continue to support Ariza's original sentence. His offense—conspiring to import and distribute over 300 kilograms of cocaine—was unquestionably serious, and the circumstances of the crime as recited in his Presentence Report

weigh heavily against early release. The Court specifically finds that the need for specific deterrence under § 3553(a)(3)(B) and for protecting the public under § 3553(a)(2)(C) support denying the motion. Ariza contends that he accepted responsibility for his actions and that this merits relief under § 3553(a). However, his acceptance of responsibility was already factored into the Court's considerations at the time of sentencing.

Ariza hasn't demonstrated "extraordinary and compelling reasons" to warrant a reduction in sentence. His motion for early release is **DENIED**.

**IT IS SO ORDERED**.

Dated: June 2, 2023

*[signature]*

**Hon. Larry Alan Burns**
United States District Judge